**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------X  Case No. 21-cv-5001
JARRETT T. DREYER,

                         Plaintiff,             **COMPLAINT**

         -against-

NESENGER CHEVROLET, INC., CARS UNLIMITED OF    **PLAINTIFF DEMANDS**
SUFFOLK, LLC, and MARY BARYLSKI, Individually,      **A TRIAL BY JURY**

                       Defendants.
---------------------------------------------------------------------------X

       Plaintiff, JARRETT T. DREYER by his attorneys, SEKENDIZ LAW GROUP P.C., upon information and belief, complains as follows:

### NATURE OF THE CASE

1. Plaintiff brings this action charging that Defendants violated the <u>Americans with Disabilities Act of 1990</u>, 42 U.S.C. § 12101, et seq. ("ADA"), "the Act", to recover lost wages, and an additional amount as liquidated damages, reasonable attorneys' fees and costs, and to remedy violations of state common law based upon the pendent jurisdiction of this Court pursuant to Gibb, 38 U.S. 715 (1966), and 28 U.S.C. §1367; ; the <u>New York State Human Rights Law</u>, New York State Executive Law §296 *et. seq.* ("NYSHRL"), seeking to recover lost wages, emotional distress, punitive damages, reasonable attorneys' fees and costs as a result of being discriminated against on the basis his disability.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3), 29 U.S.C. § 626(c), and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law

pursuant to 28 U.S.C. § 1367.

4. The Court also has jurisdiction pursuant to 42 U.S.C. §12101 et. Seq.; 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

5. Jurisdiction is also conferred upon this Court by 28 U.S.C. Sect. 1331; and 28 U.S.C. Sect. 1343., 28 U.S.C. § 1337 (interstate commerce). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367 (a).

6. This action involves questions of federal law. 28 U.S.C. § 1331

7. Venue is proper in this district based upon Defendants' principal place of business within the Eastern District of New York. 28 U.S.C. §1391(b).

## PROCEDURAL PREREQUISITES

8. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

9. Plaintiff filed a charge with EEOC against NESENGER on August 26, 2021.

10. Plaintiff received Right to sue letter on August 30, 2021.

11. Plaintiff filed a second EEOC charge against "CARS" on September 2, 2021 and the right to sue letter is still being processed.

12. Plaintiff brought this action within 90 days of receiving the right to sue letter.

## PARTIES

13. Plaintiff, JARRETT T. DREYER, ("PLAINTIFF") is a resident of the County of Suffolk and State of New York.

14. Plaintiff is a U.S. Citizen.

15. Plaintiff a disabled individual as defined by the ADA.

16. Plaintiff is required to traverse in a wheelchair, and he is substantially limited in performing

one or more major life activities, including but not limited to walking. Although, Plaintiff can standup for short periods of time, he uses a wheelchair for mobility purposes. More specifically, Plaintiff was diagnosed with an incomplete quadriplegic at C4-C6 level.

17. Defendant. NESENGER CHEVROLET, INC ("NESENGER") is a foreign business corporation duly existing pursuant to, and by virtue of, the laws of the State of New York, with its principal place of business located at 2096 Route 112, Medford, NY 11763

18. Defendant "NESSENGER" is a Delaware corporation.

19. Defendant "NESSENGER" is a foreign corporation registered to conduct business in the State of New York.

20. Defendant "NESSENGER's" New York Office is located at 2096 Route 112, Medford, NY 11763.

21. Defendant. CARS UNLIMITED OF SUFFOLK, LLC ("CARS") is a domestic business corporation duly existing pursuant to, and by virtue of, the laws of the State of New York, with its principal place of business located at 2096 Route 112, Medford, NY 11763.

22. Defendant "CARS" is a New York Corporation.

23. Defendant "CARS" is a domestic corporation registered to do business in the State of New York.

24. Defendant "CARS'" principal place of business and main office is located at 2096 Route 112, Medford, NY 11763

25. Defendants "NESINGER" and "CARS" are joint employers within the meaning of Federal and New York State laws.

26. Plaintiff made two job applications to "NESSINGER"

27. Plaintiff made two job applications to "CARS"

28. Defendant "NESINGER" had authority to hire and fire Plaintiff.

29. If Plaintiff were to be hired, Defendant "NESINGER" would have had authority to supervise and control Plaintiff's work.

30. If Plaintiff were to be hired, Defendant "NESINGER" would have had authority to control Plaintiff's employment records.

31. If Plaintiff were to be hired, Defendant "NESINGER" would have determined and/or approved the Plaintiff's rate and method of pay

32. Plaintiff made two job applications to "CARS."

33. Defendant "CARS" had authority to hire and fire Plaintiff.

34. If Plaintiff were to be hired, Defendant "CARS" would have had authority to supervise and control Plaintiff's work.

35. If Plaintiff were to be hired, Defendant "CARS" would have had authority to maintain Plaintiff's employment records.

36. If Plaintiff were to be hired Defendant "CARS" would have determined and/or approved the Plaintiff's rate and method of pay.

37. Defendants "NESINGER" and "CARS" jointly employed Plaintiff.

38. Defendant MARY BARYLSKI is a resident of the state of New York.

39. Defendant MARY BARYLSKI was and still is an employee of "NESENGER"

40. Defendant MARY BARYLSKI was and still is an employee of "CARS."

41. Defendant MARY BARYLSKI was and still is a "Service Director" at "NESENGER."

42. Defendant MARY BARYLSKI was and still is a "Service Director" at "CARS."

43. Defendant MARY BARYLSKI had authority to hire and fire Plaintiff on behalf of both of the corporate defendants.

## MATERIAL FACTS

44. In or around February of 2021, Plaintiff applied to "NESENGER's" one of job openings to be hired as a car mechanic. Plaintiff was interviewed by MARY BARYLSKI, the service director. Plaintiff was found to be qualified for the position. Plaintiff has over 10 years of experience in auto repairs and sales. However, the only accommodation Plaintiff needed was that he needed another employee to bring him the cars. Plaintiff was told they could not do that, and he was not offered the position.

45. On or about June 18, 2021, Plaintiff applied to "NESENGER's' Service Advisor Position", which Plaintiff fully qualified. On or about June 18, 2021, Plaintiff placed a phone call to defendant MARY BARYLSKI, and advised her that he wanted to apply for the position. In addition to having over 10 years of experience in auto industry, Plaintiff previously worked for PepBoys as a "Service Advisor." During the conversation Plaintiff advised MARY BARYLSKI that he was in a wheelchair and that he previously applied to another job opening of the NESENGER to be hired as a car mechanic. MARY BARYLSKI immediately told Plaintiff that the position was filled few days ago. Plaintiff became very upset because in the beginning of the conversation, his understanding was that the position was still available. Believing that Plaintiff was not hired because he is a disabled individual, he called his mother and asked her to apply for the same position. Plaintiff's mother called "NESINGER" in the afternoon of the same date, and she was able to talk to MARY BARYLSKI . During the conversation, MARY BARYLSKI advised Plaintiff's mother that the position was still available. In fact, on or about June 21, 2021, Plaintiff's mother

5

attended an interview, and she was offered the position during the interview. Plaintiff's mother did not accept the position because she is already employed by another company.

46. Plaintiff brought this action because "NESINGER" refused to hire him due to his disability.

47. If 'NESINGER" were to hire Plaintiff, he was expecting to earn seventy thousand dollars ($70,000.00) a year.

48. In or around February of 2021, Plaintiff applied to "CARS'" one of job openings to be hired as a car mechanic. Plaintiff was interviewed by MARY BARYLSKI, the service director. Plaintiff was found to be qualified for the position. Plaintiff has over 10 years of experience in auto repairs and sales. However, the only accommodation Plaintiff needed was that he needed another employee to bring him the cars. Plaintiff was told they could not do that, and he was not offered the position.

49. On or about June 18, 2021, Plaintiff applied to "CARS' Service Advisor Position", which Plaintiff fully qualified. On or about June 18, 2021, Plaintiff placed a phone call to defendant MARY BARYLSKI, and advised her that he wanted to apply for the position. In addition to having over 10 years of experience in auto industry, Plaintiff previously worked for PepBoys as a "Service Advisor." During the conversation Plaintiff advised MARY BARYLSKI that he was in a wheelchair and that he previously applied to another job openings of the CARS to be hired as a car mechanic. MARY BARYLSKI immediately told Plaintiff that the position was filled few days ago. Plaintiff became very upset because in the beginning of the conversation, his understanding was that the position was still available. Believing that Plaintiff was not hired because he is a disabled individual, he called his mother and asked her to apply for the same position. Plaintiff's mother called "CARS" in the afternoon of the same date, and she was able to talk to MARY BARYLSKI . During the conversation, MARY BARYLSKI

6

advised Plaintiff's mother that the position was still available. In fact, on or about June 21, 2021, Plaintiff's mother attended an interview, and she was offered the position during the interview. Plaintiff's mother did not accept the position because she is already employed by another company.

50. Plaintiff brought this action because "CARS" refused to hire him due to his disability.

51. If "CARS" were to hire Plaintiff, he was expecting to earn seventy thousand dollars ($70,000.00) a year.

52. Plaintiff has been unlawfully discriminated against, humiliated, and degraded, and as a result, suffers loss of rights, emotional distress, loss of income and earnings.

53. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

54. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

55. As a result of defendants' actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

56. As a result of the Defendants' discriminatory treatment of Plaintiff, he has suffered severe emotional distress and physical ailments.

57. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

58. As a result of the above, Plaintiff has been damaged in an amount in excess of the jurisdiction of the Court.

59. Defendants' conduct has been malicious, willful, outrageous, and conducted with full

knowledge of the law. As such, Plaintiff demands Punitive Damages as against all Defendants, jointly and severally.

### AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT AGAINST "NESINGER" and "CARS"

60. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

61. Plaintiff claims that Defendants violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) ("ADA"), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

62. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

63. Defendant "NESINGER" engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his disability.

64. Defendant "CARS" engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his disability.

65. As such, Plaintiff has been damaged as set forth herein.

### AS A SECONDCAUSE OF ACTION FOR DISCRIMINATION UNDER STATE LAW AGAINST ALL DEFENDANTS

66. Plaintiff repeats, reiterates and realleges each and every allegation made in the above

paragraphs of this Complaint as if more fully set forth herein at length.

67. Executive Law § 296 provides that, "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or **disability**, or marital status of any individual, to **refuse to hire** or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

68. Upon information and belief, individuals may be held liable under the NYSHRL if they have an ownership interest in the employer or the authority to hire and fire employees. Nevertheless, effective October 11, 2019, NYSHRL now covers a "private employer," which "include[s] any **person**, company, corporation, labor organization or association…" The inclusion of the word "person" within the definition of private employer results in direct employer individual liability under the NYSHRL for those who engage in discrimination, harassment or retaliation.

69. Defendant "NESINGER" engaged in an unlawful discriminatory practice by discriminating against Plaintiff solely due to his disability.

70. Defendant "CARS" engaged in an unlawful discriminatory practice by discriminating against Plaintiff solely due to his disability.

71. Defendant "MARY BARYLSKI" engaged in an unlawful discriminatory practice by discriminating against Plaintiff solely due to his disability.

## JURY DEMAND

160. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants "NESINGER" "CARS" and MARY BARYLSKI engaged in unlawful employment practices prohibited by the ADA and NYSHR, by discriminating against Plaintiff on the basis of his disability.

B. Awarding damages to Plaintiff, retroactive to the date of his discharge for all lost wages and benefits resulting from Defendants refusal to hire Plaintiff and to otherwise make him whole for any losses suffered as a result of such unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional distress, pain and suffering and injury to his reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

F. All such other and further relief as the Court deems just and proper.

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants "NESINGER" and "CARS" and MARY BARYLSKI's unlawful employment practices.

Dated: New York, New York
September 6, 2021

**SEKENDIZ LAW FIRM P.C.,**
**ATTORNEYS AT LAW**

By:   ___s/Ismail S. Sekendiz/____
Ismail S. Sekendiz, Esq. (IS-0509)
*Attorneys for Plaintiff*
45 Broadway Suite: 1420
New York, New York 10006
(212) 380-8087
Email: isinan@hotmail.com